In re Robert E. REARDON, Lora L. Reardon 6285 Cheviot Road Cincinnati, Ohio 45247 SS# 279–60–2464 (H) SS# 404–11–8681 (W), Debtors.

Bankruptcy No. 1–84–01838.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 30, 1985.

Robert J. Harris, Cincinnati, Ohio, for debtors.

Forest S. Heis, Cincinnati, Ohio, for Money, Inc.

William R. Schumacher, Cincinnati, Ohio, for trustee.

## DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

Robert and Lora Reardon, hereinafter "debtors" filed a Chapter 13 petition. Debtors filed Petition to Reject Executory Contract with Money, Inc. and Consumer Trade Center pursuant to 11 U.S.C. § 365(a). A hearing on the petition was held.

The contract in question was entered into by the debtors with Consumer Trade Center, Inc., hereinafter "CTC". CTC transferred its right to payment pursuant to the contract to Money, Inc. At the hearing Money, Inc. objected to the debtors' motion to reject the contract. CTC did not appear at the hearing and has not objected to rejection of the contract with it by debtors.

The several documents involved in the transaction were entered into evidence at the hearing. They include a retail installment sales contract dated December 17, 1983, a "V.I.P. Agreement", a "Procedure for Ordering", and a guarantee agreement. (Joint Exhibits # 1–4). These documents delineate a transaction whereby debtors agreed to pay for certain services to be provided by CTC. The services may be described as an undertaking to enable debtors to purchase certain merchandise on advantageous terms. Debtors agreed to pay $600.00 for these services, the $600.00 to be paid in accordance with the provisions of the retail installment sales contract which we have mentioned.

The retail installment sales contract includes the following:

"Warning—your note has been transferred to Money, Inc., 37 W. 7th Street, Room 504, Cincinnati, Ohio, 45202. If you have a claim or defense against the seller of the goods or services for which you signed this note, you must inform Money, Inc. in writing of your claim before 12/17/83 or you will be required to continue payments even though your claim or defense is valid."

The reverse side of the contract bears Assignment by Dealer whereby CTC assigned its contract rights to Money, Inc. There can be no doubt that the debtors' contract with CTC is executory. The debtor is still obligated to perform by way of making payments, and CTC is continually obligated for five years to provide the goods and render the services set forth in their agreement, such as by arranging the various sales of merchandise, keeping its showroom available and refunding the debtor's membership price if necessary. Neither party had fully performed at the time of the bankruptcy and for either party to have discontinued performance would have been a material breach of the contract. These are the classic attributes of a contract which is executory. *See generally* Countryman, *Executory Contracts in Bankruptcy:* Part I, 57 Minn.L.Rev. 439, 460 (1973); *In re Jolly,* 574 F.2d 349, 351 (6th Cir.1978); *In re Total Transportation Service, Inc.,* 37 B.R. 904, 906 (Bankr.S.D. Ohio W.D.1984). Because the contract is obviously burdensome we hold that debtors may reject it.

This conclusion, however, does not terminate the present inquiry, for we still must deal with the objection of Money, Inc.. Money, Inc. contends that as to it the contract is not executory. It is clear that the status of Money, Inc. in this matter is that of an assignee of the rights of CTC under its contract with debtors. That is what CTC and Money, Inc. said in the document of transfer and there can be no doubt that an assignment to Money, Inc. of the contract right of CTC to receive money from debtors is what was intended by Money, Inc. and CTC.

But this characterization of Money, Inc. as an assignee is fatal to its present contention. The reason for this conclusion is

that the rights of Money, Inc. are derivative. It is not in the position of an independent contracting party. If it were, there might be room for the contention which it makes. Because its rights are derivative, they can rise no higher than those of its assignor.

> The assignee of an overdue negotiable instrument, or of a nonnegotiable instrument, or other chose in action, as a general rule, takes it with all the rights of the assignor, and subject to all the equities and defenses of the obligor against the same in the hands of the assignor, and to any infirmities existing at the time of the assignment; he stands in the shoes of his assignor and has no greater rights against the obligor than the assignor had. No action can be maintained by an assignee of a claim against the obligor unless there is an obligation which the obligor is bound to pay to, or perform for, the assignor, and, unless the obligor is estopped to assert such defense, any defense that may be set up against the assignor by the obligor must be considered as binding upon the assignee of the claim. 6 O.Jur.3rd 213–214. Assignments Section 46.

Debtors have the right pursuant to 11 U.S.C. § 365(a) to reject their executory contract with CTC, and such rejection provides a defense to any claim by CTC other than as may be provided in the bankruptcy law. Because of the above quoted elementary proposition in the law of assignments, the same defense, rejection of the executory contract pursuant to 11 U.S.C. § 365(a), operates also against an assignee, in this case Money, Inc.. We observe that any other conclusion would be destructive of the long standing right provided for in bankruptcy law of a debtor to reject a burdensome executory contract.

■ We add a footnote to the foregoing discussion. Early in this decision we quoted the "warning" language from the retail installment contract entered into between debtors and CTC. That language purports to cut off defenses of debtors against Money, Inc. in the absence of compliance with the language there appearing. The stat-

utes of Ohio at Ohio Revised Code, Section 1317.14 expressly invalidates any such contract provision.

In the light of the foregoing discussion, we overrule the objection of Money, Inc. to the rejection by debtors of the subject executory contract.

SO ORDERED.